**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| KHARAN BELGRAVE, | : | |
| Plaintiff | : | |
| v. | : | CASE NO.: 1:13-CV-151 (WLS) |
| CHILL BAR & LOUNGE, | : | |
| Defendant. | : | |

**ORDER**

Before the Court is *pro se* Plaintiff Kharan Belgrave's Motion for Leave to Proceed *In Forma Pauperis*. (Doc. 2.) For the following reasons, Plaintiff's Motion (Doc. 2) is **GRANTED**, and Plaintiff is **ORDERED** to amend his Complaint (Doc. 1) in a written filing that must be received by the Clerk's Office not later than **Friday, October 11, 2013**. Plaintiff is **NOTICED** that failure to comply with this Order may result in dismissal of his action.

**DISCUSSION**

**I.  *In Forma Pauperis* Procedure**

This Court must follow a well-established two-step procedure in processing a case filed in forma pauperis, pursuant to 28 U.S.C. § 1915. *Cotton v. Georgia*, No. 5:07-cv-159 (HL), 2007 WL 1810231, at *1 (M.D. Ga. Jun. 21, 2007). "Initially, the district court must determine whether the plaintiff is unable to prepay costs and fees and is therefore a pauper under the statute." *Procup v. Strickland*, 760 F.2d 1107, 1114 (11th Cir. 1985). "Only after making a finding of poverty and docketing the case can the court proceed to the next question: whether the claim asserted is frivolous or malicious." *Id.*

1

## II. <u>Plaintiff's Financial Status</u>

Upon review of *pro se* Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2), the Court finds that Plaintiff appears to meet the requirements of 28 U.S.C. § 1915. In his Motion, Plaintiff represented that he has no income and owns no property. (*Id.*) Accordingly, the Court finds that Plaintiff appears to meet the requirements of 28 U.S.C. § 1915(a)(1) for proceeding *in forma pauperis* and **GRANTS** Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*. (Doc. 2.)

## III.   <u>Validity of Plaintiff's Complaint</u>

With Plaintiff's indigent status confirmed, the Court must conduct a review of his Complaint under 28 U.S.C. § 1915(e)(2).  Section 1915(e)(2) requires a court to dismiss an indigent party's case at any time if the court determines that the party's action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  The Court acknowledges that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hyland v. Kolhage*, 158 F. App'x 194, 196 (11th Cir. 2005) (quoting *Estelle v. Gamble*, 429 U.S. 97 (1976)). However, the Court also recognizes that "even in the case of *pro se* litigants this leniency does not give a court license to serve as a *de facto* counsel for a party, . . .  or to rewrite an otherwise deficient pleading in order to sustain an action."  *GJR Invs.*, 132 F.3d at 1369 (citation omitted). In summary, "[c]ourts show leniency to *pro se* litigants, however, *pro se* litigants are still required to conform to the procedural rules, and the

court is not required to rewrite deficient pleadings." *Jacox v. Dep't of Def.*, 291 Fed. App'x 318, 318 (11th Cir. 2008) (citing *GJR Invs.*, 132 F.3d at 1369).

Here, Plaintiff's complaint fails to state a claim upon which relief can be granted. The complaint alleges two causes of action: gender-based discrimination and assault. The factual basis for this claim is that "Plaintiff gave the defendant's female dancer, a three dollar money tip [sic], and was assaulted by the security officer." Based on this allegation, Plaintiff claims he is entitled to $450,000 in damages. (*Id.*) The complaint does not provide any other information or facts, and Plaintiff does not cite to any statutes or constitutional provisions that would shed light on the jurisdictional basis for his claims.

The Court finds that dismissal without prejudice would be appropriate under Rule 12 of the Federal Rules of Civil Procedure for lack of subject-matter jurisdiction or 28 U.S.C. § 1915(e)(2)(ii), for failure to state a claim. The Court will not dismiss the Complaint, however, because "[w]here it appears that a more carefully drafted complaint might state a claim, the district court should give a pro se plaintiff an opportunity to amend [his] complaint instead of dismissing it." *Schmitt v. U.S. Office of Pers. Mgmt.*, 403 F. App'x 460, 462 (11th Cir. 2010) (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) (per curiam)).

Accordingly, Plaintiff is **ORDERED** to amend his Complaint (Doc. 1) in a written filing that must be received by the Clerk's Office not later than **Friday, October 11, 2013**. Plaintiff must include sufficient factual allegations to establish the claims in his amended complaint and state the constitutional and/or statutory basis for those claims and this Court's jurisdiction. If Plaintiff has not done so already, the Court recommends that he review the "Pro Se Litigant Guide" available from the Clerk's Office prior to filing

his Amended Complaint.  Plaintiff is **NOTICED** that failure to comply with this Order may result in dismissal of his action without further notice or proceedings.

## **CONCLUSION**

For the foregoing reasons, Plaintiff' Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2) is **GRANTED**, and Plaintiff is **ORDERED** to amend his Complaint (Doc. 1) in a written filing that must be received by the Clerk's Office not later than **Friday, October 11, 2013**. Plaintiff is **NOTICED** that failure to comply with this Order may result in dismissal of his action without further notice or proceedings.

**SO ORDERED**, this   27th   day of September 2013.


  /s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,**
 **UNITED STATES DISTRICT COURT**

4